UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2: 07-39-DCR |
| ) | |
| V. ) | |
| ) | |
| WILLIAM J. GALLION and ) | **MEMORANDUM OPINION** |
| SHIRLEY A. CUNNINGHAM, ) | **AND ORDER** |
| ) | |
| Defendants. | |

*** *** *** ***

This matter is before the Court for consideration of Defendant William J. Gallion's ("Gallion") motion to dismiss the Superseding Indictment. [Record No. 645] The United States has filed a motion in opposition. [Record No. 655] After review of the relevant facts and law, this Court will deny Gallion's motion.

## I.   RELEVANT FACTS

The government filed a Superseding Indictment in this matter on September 3, 2008. [Record No. 599]  Gallion contends that the Superseding Indictment is impermissibly duplicitous, because the government "lumps all the acts the government alleges were illegal conspiracies together in Count 1 as one conspiracy." [Record No. 645, p. 1]

While Gallion concedes that the government can charge a single count of conspiracy when there is a one conspiracy to commit several acts, he contends that the evidence from the previous trial demonstrated that there was not a single conspiracy to commit multiple acts, but rather multiple conspiracies. [*Id.*, p. 2–4]  Gallion also argues that Counts 2–9 of the

Superseding Indictment, each of which relate to separate wire transfer, impermissibly "muddies the water," because these act are set out in separate counts even though they relate to the three separate conspiracies he contends are impermissibly joined in Count 1.  [*Id.*]

In addition, Gallion contends that the government filed the Superseding Indictment for the impermissible reason of vindictive prosecution.  [*Id.*, p. 5–7]  Gallion claims that the motive behind the Superseding Indictment was to assist the alleged victims' attorney in obtaining compensation, and to ensure that Defendants would not be acquitted in the new trial.  [*Id.*, p. 5–6]  Gallion claims that the Superseding Indictment effectively divests the Defendants of their best arguments and forces the Defendants to design a new defense theory in a very short period of time.  [*Id.*, p. 6]

Finally, Gallion contends that the Superseding Indictment lacks jurisdiction for violation of the statute of limitations.  [*Id.*, p. 7]  He contends that the reason for the duplicitous Count 1 is to allow the government to "relate back" and bring in the alleged conspiracy to defraud clients without running afoul of the statutes of limitations.  [*Id.*]  Gallion argues that without lumping all three conspiracies into a single conspiracy count, the statute of limitations would bar prosecution on the conspiracy to defraud clients charge.

In response, the government argues that Gallion's argument about duplicitous charging is a question of fact to be determine by a jury, so this is not a proper subject for a motion to dismiss.  [Record No. 655, p. 1–2]  Further, the government contends that there is only one overarching conspiracy – to defraud the clients – and what Gallion argues are separate conspiracies are actually separate overt acts of the single overarching conspiracy.  The

government also asserts that whether a superseding indictment is barred by the statute of limitations is a also a question of fact for the jury to decide. [*Id.*, p. 4] Finally, the government argues that there is no basis for Gallion's claims that the Superseding Indictment was brought for vindictive reasons. [*Id.*, p. 6–8]

## II.   ANALYSIS

Possible duplicitous charging is not a proper ground for this Court to dismiss the Superseding Indictment. The government is correct that the determination of whether a single or multiple conspiracies exist is a question of fact to be determined by the jury, not the Court. *United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990). If evidence of multiple conspiracies is presented at trial, the Court will instruct the jury that they must determine if multiple conspiracies existed, and if so, which defendants were involved in what conspiracies. *See Sixth Circuit Pattern Jury Instructions* §§ 3.08, 3.09.

The determination of whether a prosecution is barred by the statute of limitation is also an improper ground for dismissal. The government contends that the overt acts were all part of the single conspiracy that did not end until the accounts were frozen in June 2005, and that all acts committed in furtherance of the conspiracy are within the five-year statute of limitations.[1] [Record No. 655, p. 5] The endpoint of the conspiracy is a question of fact that the jury is instructed to find. *See Sixth Circuit Pattern Jury Instruction* § 3.12  Consequently, the determination of whether the statute of limitations bars prosecution cannot be made until the duration of the conspiracy has been established.

---

1   The original Indictment was filed on June 14, 2007. [Record No. 1] The Superseding Indictment was filed on September 3, 2008. [Record No. 599]

-3-

Finally, this Court finds and concludes that the Superseding Indictment was not brought to vindictively prosecute the Defendants. The government is not precluded from charging the overt acts of the conspiracy as separate wire fraud counts. Further, the Court finds Gallion's claims that the Superseding Indictment was brought for the purposes of assisting in the civil case and divesting the Defendants of their best defenses to be unpersuasive.

### III. CONCLUSION

Being sufficiently advised, it is hereby

**ORDERED** that Defendant William Gallion's motion to dismiss the Superseding Indictment [Record No. 645] is **DENIED**.

This 12th day of November, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge