UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 07-39-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM J. GALLION and | ) | **MEMORANDUM OPINION** |
| SHIRLEY A. CUNNINGHAM, JR., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the government's motion *in limine* to prohibit Defendants William Gallion and Shirley Cunningham, Jr. from calling Dr. Roland Burger, a pulmonary disease specialist, as an opinion witness. [Record No. 762] At a hearing before the undersigned on October 9, 2008, the parties were ordered to exchange expert witness reports on or before November 14, 2008, with rebuttal reports to be exchanged on or before December 1, 2008. [Record No. 651] The trial began on Tuesday, February 17, 2009, and the Defendants did not notify the government or this Court of their intent to designate Dr. Burger as an expert until 17 trial days[1] after the start of the trial. However, the Court need not address the issue of whether this delay or the failure to provide an expert report would prejudice the government because Dr. Burger's testimony does not meet the admissibility requirements for opinion testimony. Accordingly, as the Court indicated in its ruling from the bench, the

---

[1] Due to several stoppages, this trial has been in progress for more than a month.

-1-

government's motion *in limine* will be granted, and Dr. Burger will be prohibited from testifying as an opinion witness.

## I.     Standard of Review

The admission of opinion testimony is governed by Rule 702 of the Federal Rules of Evidence ("Rule 702").  This Rule provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  The Rule reflects the Supreme Court's opinions in *Daubert*[2] and *Kumho Tire*.[3] *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008) (noting that "[i]n *Daubert* the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony, and the Court in *Kumho* clarified that this gatekeeper function applies to all expert testimony, not just testimony based on science").

As the Sixth Circuit explained in *In re Scrap Metal*, a proposed expert's opinion testimony is admissible, at the district court's discretion, if three requirements are met: (1) the witness must be qualified by "knowledge, skill, experience, training, or education;" (2) the testimony must be relevant – *i.e.*, it "will assist the trier of fact to understand the evidence or to

---

[2]     *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[3]     *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

determine a fact in issue;" and (3) the testimony must be reliable. *In re Scrap Metal*, 527 F.3d at 529 (citing FED. R. EVID. 702).

In addition, as with all evidence, relevant opinion testimony may be excluded pursuant to Federal Rule of Evidence 403 ("Rule 403") if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403; *United States v. Geiger*, 2008 U.S. App. LEXIS 25680, *6 (6th Cir. Dec. 17, 2008) (unpublished) ("Like all evidence, the admissibility of expert testimony is also subject to . . . balancing of probative value against likely prejudice under Rule 403."). The need for a thorough Rule 403 analysis of opinion testimony is particularly important, because as the Supreme Court recognized in *Daubert,* "expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than lay witnesses." *Daubert*, 509 U.S. at 595 (citation omitted).

**II.    Analysis**

The Court notes that the Defendants have not filed an expert witness report for Dr. Burger, so the Court has no way of assessing Dr. Burger's qualifications to give opinion testimony on issues relevant to this trial. For the same reason, the Court is unable to assess the reliability of Dr. Burger's anticipated testimony. As for the second factor, relevancy, the government contends that Dr. Burger proposes to "testify in general and express his opinion about the effects of the drugs on the heart and lungs," and that he expects to "testify in general

and express expert opinions on the conditions caused by the diet drugs and the conditions which are not caused by the diet drugs." [Record No. 762, p. 1] If this is indeed the issues on which Dr. Burger plans to offer opinions, his testimony is inadmissible on relevancy grounds. The harm the drug may or may not have caused the claimants is not relevant to the issues in this case which concern whether the Defendants defrauded their clients. Thus, Dr. Burger's anticipated testimony fails the second prong for admissibility of opinion testimony.

Finally, even if Dr. Burger's testimony would otherwise be admissible under Rule 702, it would be inadmissible pursuant to Rule 403. Any probative value the testimony might have to issues in this case are heavily outweighed by the potential confusion such testimony would cause the jury, since the cause of the Defendants' former clients' injuries and conditions are not at issue in this case.

### III. Conclusion

For the reasons explained above, the Court **GRANTS** the government's motion *in limine* [Record No. 762] concerning the proposed expert testimony of Dr. Roland Burger.

This 23rd day of March, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge