AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __KENTUCKY - at Covington__

UNITED STATES OF AMERICA
V.

SHIRLEY A. CUNNINGHAM, JR.

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **2:07-CR-39-S-02-DCR**

USM Number: **11490-032**

Stephen S. Dobson, III, Richard Smith, David Davidson    Court Reporter: Cindy Oakes
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s) __1S through 9S__
after a plea of not guilty.

Eastern District of Kentucky
**FILED**
AUG 18 2009
AT FRANKFORT
LESLIE G. WHITMER
CLERK: U.S. DISTRICT COURT

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 and 1349 | Conspiracy to Commit Wire Fraud | 06/2005 | 1S |
| 18:1343 and 2 | Aiding & Abetting Wire Fraud | 12/09/2004 | 2S - 9S |

The defendant is sentenced as provided in pages 2 through __16__ of this judgment. The sentence is imposed pursuant to 18 U.S.C. §3553(a) and the Sentencing Reform Act of 1984 as amended or modified by the Supreme Court's January 12, 2005, decision in *United States v. Booker* and *United States v. Fanfan.*

☐ The defendant has been found not guilty on count(s) _____

X Count(s) __Count One of original indictment__ X is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 17, 2009
Date of Imposition of Judgment

_(signature)_
Signature of Judge

Danny C. Reeves, U.S. District Judge
Name and Title of Judge

August 18, 2009
Date

Judgment — Page 2 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

240 months on each of Counts 1 through 9, all such terms to run concurrently for a total of **240 MONTHS**

- [X] The court makes the following recommendations to the Bureau of Prisons:
  The Court recommends the defendant be incarcerated at a camp facility closest to his home for which he may qualify.

- [X] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ [ ] a.m. [ ] p.m. on _____
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before 2 p.m. on _____
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**THREE (3) YEARS.** This term consists of three years on each of Counts 1 through 9, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
         Sheet 3C — Supervised Release

Judgment—Page 4 of 16

DEFENDANT:        CUNNINGHAM, Shirley A. Jr.
CASE NUMBER:      2:07-CR-39-S-02-DCR

## SPECIAL CONDITIONS OF SUPERVISION

A)  The defendant shall provide the probation officer with access to any requested financial information.

B)  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection if the offense of conviction is a felony.

### *ACKNOWLEDGMENT*

*Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.*

*These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.*


(Signed) _____        _____
         (Defendant)                              Date


         _____        _____
         U. S. Probation Officer/Designated Witness   Date

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 16

DEFENDANT:      CUNNINGHAM, Shirley A. Jr.
CASE NUMBER:    2:07-CR-39-S-02-DCR

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | Restitution       |
|--------|-----------|--------|-------------------|
| TOTALS | $ 900.00  | $ 0.00 | $ 127,678,834.05  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee         | Total Loss* | Restitution Ordered | Priority or Percentage |
|-----------------------|-------------|---------------------|------------------------|
| Mildred Abbott        | 68,730.54   | 68,730.54           |                        |
| Estate of Danny Abney | 79,261.14   | 79,261.14           |                        |
| Lisa Abraham          | 67,428.03   | 67,428.03           |                        |
| Elizabeth Adams       | 67,428.03   | 67,428.03           |                        |
| Jayne Adams           | 73,995.84   | 73,995.84           |                        |
| Kathy Adams           | 67,428.03   | 67,428.03           |                        |
| Phyllis Adams         | 67,428.03   | 67,428.03           |                        |
| Ruby Adamson          | 67,428.03   | 67,428.03           |                        |
| Susan Adkins          | 144,302.33  | 144,302.33          |                        |
| Clantha Akers         | 67,428.03   | 67,428.03           |                        |
| Effie Elizabeth Alsip | 136,953.02  | 136,953.02          |                        |
| Juanita Alton         | 136,953.02  | 136,953.02          |                        |
| JoAnn Alvey           | 154,832.93  | 154,832.93          |                        |
| Phyllis Applegate     | 67,428.03   | 67,428.03           |                        |
| Susan Arvin           | 67,428.03   | 67,428.03           |                        |
| Clara Atkinson        | 67,428.03   | 67,428.03           |                        |
| Linda Back            | 139,037.04  | 139,037.04          |                        |
| Jamie Bailey          | 67,428.03   | 67,428.03           |                        |
| TOTALS                | $ 1608346.16 | $ 1608346.16       |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   x  the interest requirement is waived for the   ☐ fine   X restitution.

   ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page 6 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Mary Ann Bailey | 3,375,410.60 | 3,375,410.60 | |
| Vicky Bailey | 42,404.05 | 42,404.05 | |
| Charlotte Baker | 67,428.03 | 67,428.03 | |
| Carla Baldwin | 2,833,880.80 | 2,833,880.80 | |
| Marilyn Barnes | 77,557.03 | 77,557.03 | |
| Lee Bartley, Jr. | 136,953.02 | 136,953.02 | |
| Teresa Baumgardner | 154,832.93 | 154,832.93 | |
| Melissa Faye Beamon | 67,428.03 | 67,428.03 | |
| Linda Beggs | 67,428.03 | 67,428.03 | |
| Patricia Belcher | 67,428.03 | 67,428.03 | |
| Leisa Belding | 67,428.03 | 67,428.03 | |
| Eleanor Berry | 68,730.54 | 68,730.54 | |
| Margie Berry | 68,730.54 | 68,730.54 | |
| Mae Biddle | 67,428.03 | 67,428.03 | |
| Margaret Bingham | 73,995.84 | 73,995.84 | |
| Emma Black | 67,428.03 | 67,428.03 | |
| Janice Blair | 142,478.82 | 142,478.82 | |
| Sharon Blair | 67,428.03 | 67,428.03 | |
| Carol Boggs | 67,428.03 | 67,428.03 | |
| Maria Boling | 58,199.94 | 58,199.94 | |
| Lori Boone | 153,530.42 | 153,530.42 | |
| Joie Botkins | 67,428.03 | 67,428.03 | |
| Kathy Bowling | 73,995.84 | 73,995.84 | |
| Angie Lynn Bowman | 68,730.54 | 68,730.54 | |
| Virginia Braden | 131,427.22 | 131,427.22 | |
| LaDonna Brame | 68,730.54 | 68,730.54 | |
| James Branham | 67,428.03 | 67,428.03 | |
| Kathy Branham | 67,428.03 | 67,428.03 | |
| Ruby Branham | 73,995.84 | 73,995.84 | |
| Norma Brewer | 67,428.03 | 67,428.03 | |
| Estate of Alma Brock | 73,995.84 | 73,995.84 | |
| Glenna Brock | 67,428.03 | 67,428.03 | |
| Barbara Brown | 67,428.03 | 67,428.03 | |
| Joyce A. Brown | 836,904.00 | 836,904.00 | |
| Sharon Brown | 142,478.82 | 142,478.82 | |
| Tonya Brown | 79,261.14 | 79,261.14 | |
| Deborah Browning | 15,385.42 | 15,385.42 | |
| Estate of Edith Browning | 101,587.90 | 101,587.90 | |
| Estate of Wathalee Brumfield | 136,953.02 | 136,953.02 | |
| Linda Brumley | 67,428.03 | 67,428.03 | |
| Billie Brumley-Bradford | 67,428.03 | 67,428.03 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

Judgment—Page 7 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---:|---:|---|
| Kimberly Brummett | 67,428.03 | 67,428.03 | |
| Teresa Bruner | 67,428.03 | 67,428.03 | |
| Lois Brush | 73,995.84 | 73,995.84 | |
| Patricia Bryant | 67,428.03 | 67,428.03 | |
| Warren Burgess | 73,995.84 | 73,995.84 | |
| Janice Burton | 67,428.03 | 67,428.03 | |
| Tina Bush | 67,428.03 | 67,428.03 | |
| Sherrie Butler | 164,484.42 | 164,484.42 | |
| Donald Caldwell | 79,261.14 | 79,261.14 | |
| Donna S. Campbell | 67,428.03 | 67,428.03 | |
| Loretta Canada | 67,428.03 | 67,428.03 | |
| Buel Cantrell | 136,953.02 | 136,953.02 | |
| Debbie Carman | 3,375,410.60 | 3,375,410.60 | |
| Tonya Carter | 58,199.94 | 58,199.94 | |
| Wallace Carter | 67,428.03 | 67,428.03 | |
| Charlotte Cason | 142,478.82 | 142,478.82 | |
| Lisa Caudill | 67,428.03 | 67,428.03 | |
| Connie Centers | 2,125,410.60 | 2,125,410.60 | |
| Tony Childress | 67,428.03 | 67,428.03 | |
| Gloria Clark | 67,428.03 | 67,428.03 | |
| William Clark | 67,428.03 | 67,428.03 | |
| Rosemary Click | 142,478.82 | 142,478.82 | |
| Pamela S. Clift | 521,435.99 | 521,435.99 | |
| Allen Coker | 136,953.02 | 136,953.02 | |
| Judy Coleman | 329.03 | 329.03 | |
| Shirley Coleman | 67,428.03 | 67,428.03 | |
| Tara Coleman | 154,832.93 | 154,832.93 | |
| Debra Collier | 67,428.03 | 67,428.03 | |
| Margaret Collier | 67,428.03 | 67,428.03 | |
| Linda Colvin | 73,995.84 | 73,995.84 | |
| Phyllis Combs | 68,730.54 | 68,730.54 | |
| Ronnie Cook | 39,799.03 | 39,799.03 | |
| Georgia Coots | 208,470.20 | 208,470.20 | |
| Mark Cornn | 67,428.03 | 67,428.03 | |
| Nadine Couch | 67,428.03 | 67,428.03 | |
| Joseph Cowley | 67,428.03 | 67,428.03 | |
| Jo Ann Cox | 125,901.42 | 125,901.42 | |
| Barbara Crain | 79,261.14 | 79,261.14 | |
| Doris Creech | 142,478.82 | 142,478.82 | |
| Deloris Criswell | 67,428.03 | 67,428.03 | |
| Pamela Crowe | 67,428.03 | 67,428.03 | |
| Tracy Curtis | 154,832.93 | 154,832.93 | |
| Doris W. Dabney | 142,478.82 | 142,478.82 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
         Sheet 5B — Criminal Monetary Penalties

Judgment—Page __8__ of __16__

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---:|---:|---|
| Kathy Daniels | 416,940.40 | 416,940.40 | |
| Mary Daughtery | 142,478.82 | 142,478.82 | |
| Elizabeth Davis | 67,428.03 | 67,428.03 | |
| Sandra Davis | 67,428.03 | 67,428.03 | |
| Karen Dean | 67,428.03 | 67,428.03 | |
| Jan Delaney | 154,832.93 | 154,832.93 | |
| Regina DeSpain | 67,428.03 | 67,428.03 | |
| Judy Dile | 67,428.03 | 67,428.03 | |
| Kathy Nolan Dinsmore | 42,404.05 | 42,404.05 | |
| Gerry Dixon | 78,579.42 | 78,579.42 | |
| Al Doser | 67,428.03 | 67,428.03 | |
| Belva Dotson | 67,428.03 | 67,428.03 | |
| Teresa Duff | 154,832.93 | 154,832.93 | |
| Linda Dunaway | 1,313,115.90 | 1,313,115.90 | |
| Martha Elliott | 67,428.03 | 67,428.03 | |
| Tami Edwards Engle | 67,428.03 | 67,428.03 | |
| Saundra Erp | 67,428.03 | 67,428.03 | |
| Charlotte Estepp | 154,832.93 | 154,832.93 | |
| Sarah Estes | 67,428.03 | 67,428.03 | |
| Susan Ezell (McIntosh) | 142,478.82 | 142,478.82 | |
| Janet Fentress | 67,428.03 | 67,428.03 | |
| Vickie D. Flannery | 139,037.04 | 139,037.04 | |
| Bernita Flynn | 56,376.43 | 56,376.43 | |
| Tara Foster-Gifford | 73,995.84 | 73,995.84 | |
| Rhoda Franklin | 67,428.03 | 67,428.03 | |
| Timothy Franklin | 68,730.54 | 68,730.54 | |
| Essie Fredrick | 12,170.03 | 12,170.03 | |
| Freda Frizzell | 67,428.03 | 67,428.03 | |
| Beulah Frugate | 144,302.33 | 144,302.33 | |
| Estate of Clara Fulks | 42,404.05 | 42,404.05 | |
| Pamela Fultz-Burns | 67,428.03 | 67,428.03 | |
| Patricia Gaunce | 3,104,645.70 | 3,104,645.70 | |
| Barbara Gay | 154,832.93 | 154,832.93 | |
| Ken Gayheart | 67,428.03 | 67,428.03 | |
| Crystal Seals Gibson | 154,832.93 | 154,832.93 | |
| Ginger Davidson Gibson | 67,428.03 | 67,428.03 | |
| Estate of Jessie Gibson | 142,478.82 | 142,478.82 | |
| Joni Gibson | 67,428.03 | 67,428.03 | |
| Gladys Gilbert | 67,428.03 | 67,428.03 | |
| Sandra Cotton Gilley | 61,902.23 | 61,902.23 | |
| Stephanie Gist | 136,953.02 | 136,953.02 | |
| Ruby Godbey | 3,375,410.60 | 3,375,410.60 | |
| Debra Goode-Cruz | 67,428.03 | 67,428.03 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
         Sheet 5B — Criminal Monetary Penalties

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Joyce Gordon | 114,849.82 | 114,849.82 | |
| Patrick Graham | 5,298.47 | 5,298.47 | |
| Tammie Grant | 139,037.04 | 139,037.04 | |
| Amy Gray | 123,470.72 | 123,470.72 | |
| Donna Green | 142,478.82 | 142,478.82 | |
| Sherry Green | 67,428.03 | 67,428.03 | |
| Allie Hall | 67,428.03 | 67,428.03 | |
| Geraldine Hall | 2,714,304.40 | 2,714,304.40 | |
| Norma Hall | 2,928,608.80 | 2,928,608.80 | |
| Barbara Hampton | 142,478.82 | 142,478.82 | |
| Rhonda Hancock | 68,730.54 | 68,730.54 | |
| Leona Handley | 142,478.82 | 142,478.82 | |
| Joyce Hanley | 3,555,920.54 | 3,555,920.54 | |
| Marcia Hughes Harness | 67,428.03 | 67,428.03 | |
| Rebecca Harris | 136,953.02 | 136,953.02 | |
| Debra Harrison | 67,428.03 | 67,428.03 | |
| Diane Harrison | 12,170.03 | 12,170.03 | |
| Belita Harvey | 73,995.84 | 73,995.84 | |
| Joy Hassler | 67,428.03 | 67,428.03 | |
| Yolanda Hayden | 67,428.03 | 67,428.03 | |
| Barbara Heizer | 67,428.03 | 67,428.03 | |
| Barbara Hellmueller | 136,953.02 | 136,953.02 | |
| Wanda Helton | 67,428.03 | 67,428.03 | |
| Bonnie Henderson | 146,175.50 | 146,175.50 | |
| Estate of Gary Hendrickson | 1,854,645.70 | 1,854,645.70 | |
| Vicki Henley | 464,304.40 | 464,304.40 | |
| Vickie Henry | 79,261.14 | 79,261.14 | |
| Marcus Highley | 136,953.02 | 136,953.02 | |
| Charlene Hill | 136,953.02 | 136,953.02 | |
| Karen Hillard | 67,428.03 | 67,428.03 | |
| Janice Hilton | 144,302.33 | 144,302.33 | |
| Linda Hinkle | 142,478.82 | 142,478.82 | |
| Jacqueline Hocker | 67,428.03 | 67,428.03 | |
| Myra Hood | 67,428.03 | 67,428.03 | |
| Vicky Hood | 67,428.03 | 67,428.03 | |
| Lora Hoover | 68,730.54 | 68,730.54 | |
| Evelyn Hopkins | 3,375,410.60 | 3,375,410.60 | |
| Charlene Horn | 67,428.03 | 67,428.03 | |
| Mary Horning | 67,428.03 | 67,428.03 | |
| Cloyd Hoskins | 73,995.84 | 73,995.84 | |
| Linda Hoskins | 56,376.43 | 56,376.43 | |
| Diana Howard | 67,428.03 | 67,428.03 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Louisa Howard | 154,832.93 | 154,832.93 | |
| Marilyn Howard | 56,376.43 | 56,376.43 | |
| Donna Marlene Howser | 67,428.03 | 67,428.03 | |
| Charlotte Hughes | 61,902.23 | 61,902.23 | |
| Marjorie Hulse | 3,646,175.50 | 3,646,175.50 | |
| Sheila Humphreys | 136,953.02 | 136,953.02 | |
| Margaret Hunt | 68,730.54 | 68,730.54 | |
| Wanda Hunter | 98,272.42 | 98,272.42 | |
| Adie Husarick | 136,953.02 | 136,953.02 | |
| Brenda Hutchcraft | 68,730.54 | 68,730.54 | |
| Lorene Hutcherson | 67,428.03 | 67,428.03 | |
| Katherine Hutchison | 56,376.43 | 56,376.43 | |
| Diana Inabnitt-Dean | 67,428.03 | 67,428.03 | |
| Emma Ison | 142,478.82 | 142,478.82 | |
| Della Jackson | 67,428.03 | 67,428.03 | |
| Estate of Evelyn Jackson | 2,408,787.71 | 2,408,787.71 | |
| Katina Jackson | 136,953.02 | 136,953.02 | |
| Mary Ann Jackson | 67,428.03 | 67,428.03 | |
| Linda James | 2,125,410.60 | 2,125,410.60 | |
| Debbie Jeffrey | 68,730.54 | 68,730.54 | |
| Garnet Johnson | 67,428.03 | 67,428.03 | |
| Leslie Johnstone | 136,953.02 | 136,953.02 | |
| April Slatten Jones | 67,428.03 | 67,428.03 | |
| Beulah Jones | 67,428.03 | 67,428.03 | |
| Franklin Jones | 15,385.42 | 15,385.42 | |
| Gerry Jones | 136,953.02 | 136,953.02 | |
| Judy Jones | 67,428.03 | 67,428.03 | |
| Kathy Jones | 56,376.43 | 56,376.43 | |
| Linda Jones | 67,428.03 | 67,428.03 | |
| Troy Jones | 67,428.03 | 67,428.03 | |
| Betty Jordan | 68,730.54 | 68,760.54 | |
| Betty Kelly | 128,506.44 | 128,506.44 | |
| Cindy Armstrong Kemp | 67,428.03 | 67,428.03 | |
| Patricia Kennedy | 67,428.03 | 67,428.03 | |
| Gerald King | 67,428.03 | 67,428.03 | |
| Katherine King | 67,428.03 | 67,428.03 | |
| Pattie Kitts | 73,995.84 | 73,995.84 | |
| Betty Kluck | 142,478.82 | 142,478.82 | |
| Lucille Krey | 3,916,940.40 | 3,916,940.40 | |
| Bertha La | 39,779.03 | 39,779.03 | |
| Estate of Mary Lady | 23,200.48 | 23,200.48 | |
| Linda Larkins | 68,730.54 | 68,730.54 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
         Sheet 5B — Criminal Monetary Penalties

Judgment—Page 11 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---:|---:|---|
| Emily Lewis | 73,995.84 | 73,995.84 | |
| Estate of Milton Lewis | 142,478.82 | 142,478.82 | |
| Angela Lewis-Mullinix | 154,832.93 | 154,832.93 | |
| Beverly Little | 23,200.48 | 23,200.48 | |
| Estate of Gloria Little | 142,478.82 | 142,478.82 | |
| Sandra Dee Littleton | 142,478.82 | 142,478.82 | |
| Estate of Linda Long | 102,179.95 | 102,179.95 | |
| Sherry Long | 142,478.82 | 142,478.82 | |
| Kathy Lovan-Day | 68,730.54 | 68,730.54 | |
| Estate of Rebecca Lovell | 3,446,532.13 | 3,446,532.13 | |
| Charlotte Lush | 67,428.03 | 67,428.03 | |
| Linda Malone-McGowan | 73,995.84 | 73,995.84 | |
| Paula Mann | 73,995.84 | 73,995.84 | |
| Pamela Marlowe | 67,428.03 | 67,428.03 | |
| Malanei Marro | 68,730.54 | 68,730.54 | |
| Bobbie Martin | 142,478.82 | 142,478.82 | |
| Linda Martin | 142,478.82 | 142,478.82 | |
| Mary Martin | 136,953.02 | 136,953.02 | |
| Connie Mason | 67,428.03 | 67,428.03 | |
| Karen Thompson McClain | 68,730.54 | 68,730.54 | |
| Joni McClanahan | 67,428.03 | 67,428.03 | |
| Lavonna McDaniel | 144,302.33 | 144,302.33 | |
| Connie McGirr | 2,833,880.80 | 2,833,880.80 | |
| Roberta McGuire | 67,428.03 | 67,428.03 | |
| Tammy McGuire | 67,428.03 | 67,428.03 | |
| Jacqueline McMurtry | 102,179.95 | 102,179.95 | |
| June McPhearson | 7,519.42 | 7,519.42 | |
| Sheila Lynn Meece | 142,478.82 | 142,478.82 | |
| Wanda Metzger | 136,953.02 | 136,953.02 | |
| Delores Miller | 67,428.03 | 67,428.03 | |
| Linda F. Miller | 136,953.02 | 136,953.02 | |
| Linda L. Miller | 109,324.02 | 109,324.02 | |
| Marie Miller | 67,428.03 | 67,428.03 | |
| Michael Miller | 67,428.03 | 67,428.03 | |
| Nellie Miller | 68,730.54 | 68,730.54 | |
| Orene Miller | 416,940.40 | 416,940.40 | |
| Leslie Minton | 102,179.95 | 102,179.95 | |
| Estate of Kathy Miracle | 2,875,410.60 | 2,875,410.60 | |
| Beverly Mitchell | 67,428.03 | 67,428.03 | |
| Eudora Montgomery | 67,428.03 | 67,428.03 | |
| Margaret Moore | 68,730.54 | 68,730.54 | |
| Rhonda Moore | 67,428.03 | 67,428.03 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page 12 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bonnie Morgan | 73,995.84 | 73,995.84 | |
| April Morris | 67,428.03 | 67,428.03 | |
| Donna Muddiman-Cornish | 136,953.02 | 136,953.02 | |
| Mary Napier | 61,902.23 | 61,902.23 | |
| Wanda Faye Neace | 142,478.82 | 142,478.82 | |
| Elizabeth Neal | 39,799.03 | 39,799.03 | |
| Linda Nevels | 67,428.03 | 67,428.03 | |
| Wilma Noe | 39,799.03 | 39,799.03 | |
| Rita Profitt Norman | 67,428.03 | 67,428.03 | |
| April Keltner Nuxoll | 73,995.84 | 73,995.84 | |
| Glenora Pace | 73,995.84 | 73,995.84 | |
| Bertha Pack | 146,175.50 | 146,175.50 | |
| Raymond Parker | 15,385.42 | 15,385.42 | |
| Louverna Parks | 142,478.82 | 142,478.82 | |
| Myrtle Parris | 136,953.02 | 136,953.02 | |
| Angela Peace | 21,011.31 | 21,011.31 | |
| Lisa Peek | 3,916,940.40 | 3,916,940.40 | |
| Leslie Bullock Pennington | 136,953.02 | 136,953.02 | |
| Recie Pennington | 67,428.03 | 67,428.03 | |
| Helen Perkins | 131,427.22 | 131,427.22 | |
| Jeff Perkins | 64,112.55 | 64,112.55 | |
| JoeAnn Perkins | 136,953.02 | 136,953.02 | |
| Stacy Perkins | 142,478.82 | 142,478.82 | |
| Doris Phelps | 67,428.03 | 67,428.03 | |
| Donna Phillips | 73,995.84 | 73,995.84 | |
| Larry Phillips | 67,428.03 | 67,428.03 | |
| Norma Pickett | 154,832.93 | 154,832.93 | |
| Sonja Pickett | 102,179.95 | 102,179.95 | |
| Debra Bays Plybon | 67,428.03 | 67,428.03 | |
| Brian Powell | 67,428.03 | 67,428.03 | |
| Mary P'Pool | 68,730.54 | 68,730.54 | |
| Trena Preston | 154,832.93 | 154,832.93 | |
| Suzanne Price | 67,428.03 | 67,428.03 | |
| Lynne Pursel | 42,404.05 | 42,404.05 | |
| Sharon Rainwater | 154,832.93 | 154,832.93 | |
| Billie Reese | 67,428.03 | 67,428.03 | |
| Estate of Anthony Rentas | 579,399.34 | 579,399.34 | |
| Estate of Sheila Reynolds-Fitch | 3,375,410.60 | 3,375,410.60 | |
| Arlie Rhodes | 67,428.03 | 67,428.03 | |
| Evelyn Rhodes | 154,832.93 | 154,832.93 | |
| Raymond Rice | 61,902.23 | 61,902.23 | |
| Diana Newlin Riddle | 142,478.82 | 142,478.82 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page 13 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Raymond Riley | 67,428.03 | 67,428.03 | |
| Levetta Rivera | 153,530.42 | 153,530.42 | |
| Odena Roaden | 64,112.55 | 64,112.55 | |
| Billie June Roberts | 3,104,645.70 | 3,104,645.70 | |
| Michelle Sharpe Roberts | 4,187,705.30 | 4,187,705.30 | |
| Patricia Roberts | 73,995.84 | 73,995.84 | |
| Renee Roberts | 154,832.93 | 154,832.93 | |
| Patricia N. Robinson | 154,832.93 | 154,832.93 | |
| Fetina Robison | 136,953.02 | 136,953.02 | |
| Carol Rogers | 67,428.03 | 67,428.03 | |
| Cathy Rose | 68,730.54 | 68,730.54 | |
| Vina Rose | 67,428.03 | 67,428.03 | |
| Estate of Larry Roseberry, Sr. | 67,428.03 | 67,428.03 | |
| Mary Sams | 67,428.03 | 67,428.03 | |
| Kathy Sands | 67,428.03 | 67,428.03 | |
| Thomas Sapp | 73,995.84 | 73,995.84 | |
| Justus Scharold | 136,953.02 | 136,953.02 | |
| Debbie Vogt Schneider | 67,428.03 | 67,428.03 | |
| Maxine Seals | 154,832.93 | 154,832.93 | |
| Lisa Sexton | 73,995.84 | 73,995.84 | |
| Monica Sexton | 142,478.82 | 142,478.82 | |
| Margaret Sharon | 67,428.03 | 67,428.03 | |
| Janet Short | 67,428.03 | 67,428.03 | |
| Estate of Laureda Short | 131,978.82 | 131,978.82 | |
| Loretta Sidwell | 142,478.82 | 142,478.82 | |
| Rosemary Godby Simons | 67,428.03 | 67,428.03 | |
| Ada Sizemore | 73,995.84 | 73,995.84 | |
| Carole Slone | 67,428.03 | 67,428.03 | |
| Barbara Smith | 67,428.03 | 67,428.03 | |
| Elaine Smith | 125,901.42 | 125,901.42 | |
| Freda Smith | 67,428.03 | 67,428.03 | |
| Sharon Smith | 3,473,304.40 | 3,473,304.40 | |
| Darcy Snowden | 73,995.84 | 73,995.84 | |
| Peggy Spears | 73,995.84 | 73,995.84 | |
| Cora Stapleton | 68,730.54 | 68,730.54 | |
| Paul Stauffer | 136,953.02 | 136,953.02 | |
| Corina Stearns | 3,446,456.60 | 3,446,456.60 | |
| Connie Stephens | 136,953.02 | 136,953.02 | |
| Nancy Stephens | 67,428.03 | 67,428.03 | |
| Sharon Stevenson | 117,060.14 | 117,060.14 | |
| Marlene Stewart | 73,995.84 | 73,995.84 | |
| Estate of Loretta Edmond Stidham | 67,677.48 | 67,677.48 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
        Sheet 5B — Criminal Monetary Penalties

Judgment—Page 14 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Estate of Gary Stigall | 61,995.23 | 61,995.23 | |
| Donna Stromowsky | 136,953.02 | 136,953.02 | |
| Betty Stone | 67,428.03 | 67,428.03 | |
| Lesta Irene Stout | 136,953.02 | 136,953.02 | |
| Connie Sturgill | 136,953.02 | 136,953.02 | |
| Jindra Sturgill | 67,428.03 | 67,428.03 | |
| Estate of Marjorie Sudduth | 67,428.03 | 67,428.03 | |
| Lisa Swiger | 3,664,304.40 | 3,664,304.40 | |
| Ella Tackett | 142,478.82 | 142,478.82 | |
| Patty Tackett | 37,488.62 | 37,488.62 | |
| Estate of Priscilla Tafolla | 114,849.82 | 114,849.82 | |
| Charles Tapley | 67,428.03 | 67,428.03 | |
| Ella Taylor | 67,428.03 | 67,428.03 | |
| Linda Taylor | 136,953.02 | 136,953.02 | |
| Mary Taylor | 154,832.93 | 154,832.93 | |
| Jeanne Thomas | 61,902.23 | 61,902.23 | |
| Nancy Thompson | 67,428.03 | 67,428.03 | |
| James G. Thurman | 67,428.03 | 67,428.03 | |
| Estate of Linda Toler | 2,875,410.60 | 2,875,410.60 | |
| Estate of Roy Toler | 142,478.82 | 142,478.82 | |
| Elizabeth Trent | 67,428.03 | 67,428.03 | |
| Jennifer Trimble | 67,428.03 | 67,428.03 | |
| Joetta Tucker | 154,832.93 | 154,832.93 | |
| Deborah Turner | 1,583,880.80 | 1,583,880.80 | |
| Drucilla Turner | 68,730.54 | 68,730.54 | |
| Marie Turner | 27,661.22 | 27,661.22 | |
| Patricia Turner | 56,376.43 | 56,376.43 | |
| Valorie Turner | 73,995.84 | 73,995.84 | |
| Linda Vanarsdall-Collins | 67,428.03 | 67,428.03 | |
| Linda Vance | 73,995.84 | 73,995.84 | |
| Judith Peck Wageman | 131,427.22 | 131,427.22 | |
| Bobbie Walker | 142,478.82 | 142,478.82 | |
| Estate of Lane Walker | 136,953.02 | 136,953.02 | |
| Loraine Wallen | 67,428.03 | 67,428.03 | |
| Cindy Walters | 67,428.03 | 67,428.03 | |
| Estate of Martin Ward | 114,849.82 | 114,849.82 | |
| Elizabeth Washburn | 67,428.03 | 67,428.03 | |
| Wanda Watkins | 144,302.33 | 144,302.33 | |
| Cheryl Watson | 67,428.03 | 67,428.03 | |
| Joyce Goff Wells | 45,324.83 | 45,624.83 | |
| Mary Whisman | 73,995.84 | 73,995.84 | |
| Judy Whitaker | 64,112.55 | 64,112.55 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

Judgment—Page 15 of 16

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---:|---:|---|
| Kim White | 67,428.03 | 67,428.03 | |
| Mary White | 2,714,304.40 | 2,714,304.40 | |
| Patricia White | 67,428.03 | 67,428.03 | |
| Catherine Whitlock | 154,832.93 | 154,832.93 | |
| Joyce Whitt | 67,428.03 | 67,428.03 | |
| Betty Jean Widner | 2,833,880.80 | 2,833,880.80 | |
| Peter Wilds | 16,044.42 | 16,044.42 | |
| Estate of Gloria Williams | 61,902.23 | 61,902.23 | |
| Bethany Willinger | 73,995.84 | 73,995.84 | |
| Geneva Wilson | 154,832.93 | 154,832.93 | |
| Melody Winer | 67,428.03 | 67,428.03 | |
| Connie Wolfe | 67,428.03 | 67,428.03 | |
| Bill Wombles | 67,428.03 | 67,428.03 | |
| Amanda Edwards Wood | 67,428.03 | 67,428.03 | |
| Artie Woods | 68,730.54 | 68,730.54 | |
| Fern Wooten | 67,428.03 | 67,428.03 | |
| Debora Wright | 154,832.93 | 154,832.93 | |
| Edwina Wright | 67,428.03 | 67,428.03 | |
| Roger Dale Wright | 67,428.03 | 67,428.03 | |
| Sandra Wright | 68,730.54 | 68,730.54 | |
| Tammy Wright | 154,832.93 | 154,832.93 | |
| Sheila Yates | 154,832.93 | 154,832.93 | |
| Karen Young | 42,404.05 | 42,404.05 | |
| Sandra Zeman | 149,583.42 | 149,583.42 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 16 of 16

DEFENDANT: CUNNINGHAM, Shirley A. Jr.
CASE NUMBER: 2:07-CR-39-S-02-DCR

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ __127,679,734.05__ due immediately, balance due

    ☐ not later than _____, or
    X in accordance  ☐ C, ☐ D, ☐ E, or  X F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

Criminal monetary penalties are payable to: Clerk, U. S. District Court, Eastern District of Kentucky, Post Office Box 1073, Covington, KY 41012. PLEASE INCLUDE YOUR CASE DOCKET NUMBER.

Any outstanding balance owed upon commencement of incarceration shall be paid in minimum quarterly installments of $25 unless the defendant is employed by Federal Prison Industries, in which case the defendant's quarterly installments shall be no more than 50% of his wages. Any outstanding balance owed upon commencement of supervision shall be paid according to a schedule set by subsequent orders of the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

X  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

William J. Gallion (Covington 07-CR-39-S-01-DCR)

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:

Forfeiture is imposed in this action pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461. The latter provides that the procedures set forth in 21 U.S.C. § 853 apply to all stages of a criminal forfeiture proceeding. Therefore, in accordance with the jury verdict regarding forfeiture and according to the law, the defendants have forfeited all right, title, and interest in the amount of a $30,000,000.00 money judgment, including the accounts listed in the Indictment (Account #146-32434-18 509 and Account #457-017915-009 and Account #5VN-02086). As the Court has previously ruled in the Preliminary Order of Forfeiture entered on June 17, 2009, only the remaining funds held in these accounts are to be offset by the judgment, not the funds that were previously disbursed.

Pursuant to 21 U.S.C. § 853, the United States is entitled to forfeit substitute assets up to the value of the money judgment, $30,000,000.00, less any amount remaining from the above listed funds.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.