UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                               ) | |
|    Plaintiff,  ) | Criminal Action No. 2: 07-39-S-DCR |
|                               ) | |
| V.                            ) | |
|                               ) | |
| WILLIAM J. GALLION AND SHIRLEY ) | **MEMORANDUM OPINION** |
| A. CUNNINGHAM, JR.,           ) | **AND ORDER** |
|                               ) | |
|    Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants William Gallion and Shirley Cunningham, Jr., were found guilty of eight counts of wire fraud and one count of conspiracy to commit wire fraud. In a subsequent forfeiture proceeding, the jury found that, as a result of their crimes, the Defendants had forfeited $30,000,000.00 to the government. Subsequently, this Court granted the government's motion for preliminary order of forfeiture, along with a subsequent motion to amend that preliminary order to include additional personal and real property. [Record No. 856, 900] Included in this first motion to amend the preliminary order was a bank account for Tandy LLC, located at Community Trust Bank. The government has reprised its pursuit of Tandy through a second motion to amend the preliminary order of forfeiture by asking that the Court substitute the entire corporate entity of Tandy and its assets toward the satisfaction of the money judgment. [Record No. 903]

For various reasons, the proceeds actually derived from the Defendants' fraudulent acts are no longer available for forfeiture and thus the government has successfully sought to

substitute other property toward satisfaction of judgment.  One of these proposed substitute properties is Tandy, a thoroughbred horse breeding and racing company owned and operated solely by the Defendants.  As mentioned above, the Court has already amended the preliminary order of forfeiture to reflect a bank account held in the name of Tandy LLC; however, the government now seeks to substitute in the entire corporate entity.  Tandy is currently being operated under a receivership that was established by a state court action stemming from the same fraudulent acts in this case.  Under Fed R. Crim P. 32.2(e) and 21 U.S.C. § 853(p), a court is empowered to amend an existing order of forfeiture in order to include substitute property.

Defendant Cunningham asserts the same arguments against this motion as he did against the motion to substitute Tandy's bank account as an asset.  First, he argues that there is no allegation that the assets are in danger of dissipating, since they are under a receivership.  Second, he argues that forfeiting the entire corporate entity would jeopardize the management and possible orderly dissolution of the corporation.  As this Court has previously stated, these arguments do not warrant excluding Tandy from forfeiture.

The government alleges that the corporation was organized and run with money the Defendants obtained from their fraud.  Tandy is an asset of the Defendants and it is property that was purchased and established with tainted money.  Under 21 U.S.C. § 853(a)(1), any property derived from criminal proceeds must be forfeited.  This language is not discretionary and the Defendants have not presented any legal authority showing that the possible devaluation or receivership status of an asset renders that asset immune to forfeiture.

Finally, any interests that a third party may have in Tandy are irrelevant for purposes of the preliminary order of forfeiture.  As provided in Fed. R. Crim. P. 32.2(e), such interests may be adjudged through an ancillary proceeding, if necessary.  Accordingly, it is hereby

**ORDERED** that the government's second motion to amend the preliminary order of forfeiture [Record No. 903] is **GRANTED**.

This 20th day of August, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge