UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 07-039-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHIRLEY A. CUNNINGHAM, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Shirley A. Cunningham, Jr., has filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The motion will be denied because Cunningham has failed to identify an extraordinary and compelling reason warranting a sentence reduction and the factors under 18 U.S.C. § 3553(a) do not support granting the relief requested.

**I.**

Cunningham was one of three Kentucky lawyers who represented clients in a mass-tort action against the manufacturer of the defective drug "fen-phen."  After settling the case for in excess of $200 million, Cunningham and co-defendant William Gallion conspired to defraud clients of nearly twice the amount of bargained-for attorneys' fees.  Their scheme was foiled when they were caught and charged with wire fraud and conspiracy to commit wire fraud.

In April 2009, a jury convicted Cunningham of one count of conspiring to commit wire fraud and eight counts of aiding and abetting wire fraud.  He was sentenced to 240 months' imprisonment on each count, to run concurrently, for a total term of imprisonment of 240 months.  [Record No. 956]  The United States Court of Appeals for the Sixth Circuit affirmed

- 1 -

his conviction in May 2012, and his subsequent motion to vacate his sentence under 28 U.S.C. § 2255 was dismissed, with prejudice.  [Record Nos. 1329, 1413, 1443]  Cunningham seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## II.

The Court generally may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c).  However, an exception to this general rule exists when a defendant, after fully exhausting all administrative rights, brings a motion under § 3582(c)(1)(A) demonstrating that extraordinary and compelling circumstances warrant a sentence reduction; that a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable; and that such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission.  § 3582(c)(1)(A) (amended 2018).

Prior to enactment of the First Step Act of 2018, only the Bureau of Prisons ("BOP") could request compassionate release on a defendant's behalf.  *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (citing § 3582(c)(1)(A) (2002)).  The procedure changed significantly at the end of 2018.  The First Step Act eliminated this gatekeeping role and allowed prisoners to move for relief when the BOP declined to act.  *Id.*  As of today, the Sentencing Commission has not adopted a policy statement that applies when a defendant (as opposed to the Bureau of Prisons) files a motion for compassionate release.  *Id.*  Accordingly, the Court only need consider whether the defendant has identified extraordinary and compelling reasons for a sentence reduction and whether the § 3553(a) factors support granting the relief sought.  *Id.*

## III.

Cunningham, is 68 years old, is currently on home confinement, and is projected to be released from home confinement on March 29, 2024.  He contends that "he received an unusually long sentence based on a theory of sentencing culpability that has subsequently been rejected by the courts." [Record No. 1473-1, p. 20]  Specifically, he complains that the Court relied on the amount of intended loss involved in his crimes, rather than the actual loss.

Cunningham received a 24-point increase to his base offense level based on a loss amount of $65,363,592.51.  *See* U.S.S.G. § 2B1.1(b)(1) (2008).  This resulted in a total offense level of 39, which, when combined with his criminal history category of I, produced an advisory guidelines range of 262 to 327 months.  But because the statutory maximum for each count was 240 months' imprisonment, the effective guidelines range became 240 months.  *See* 18 U.S.C. § 1343.

Both the 2008 and 2021 editions of the Guidelines define "loss" as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1, app. n. 3(A).  Cunningham contends that, after his sentencing, "there has been a realization that 'losses'" for purposes of § 2B1.1, "are limited to 'actual losses' and cannot include 'intended losses.'" [Record No. 1473-1, p. 24] Cunningham cites opinions from the Third Circuit and the Eastern District of Michigan in support of this proposition.  *See United States v. Banks,* 55 F.4th 246, 262 (3d Cir. 2022); *United States v. McKinney*, --F.Supp.3d--, 2022 WL 17547467 (E.D. Mich. Dec. 9, 2022).   But as the government astutely points out in its response to Cunningham's motion, nonretroactive legal developments ***do not*** factor into the extraordinary and compelling analysis.  *United States v. McCall*, 56 F.4th 1048, 1066 (6th Cir. 2022).

The Court also notes the Sixth Circuit recently rejected Cunningham's argument regarding intended loss in *United States v. You*, 2023 WL 4446497, --F.4th-- (6th Cir. July 11, 2023).  Applying the framework set forth in *Kisor v. Wilkie*, --U.S.--, 139 S. Ct. 2400 (2019), the court concluded that "loss" is genuinely ambiguous and the Commission's reading of that term is entitled to deference.  Accordingly, it confirmed that "loss" can mean intended loss in the § 2B1.1 context.  Thus, Cunningham's argument fails on the merits, in any event.  Finally, Cunningham's request for relief based on proposed guideline amendments is premature, as the amendments are not scheduled to become effective until November 1, 2023.

Next, Cunningham argues that his efforts toward rehabilitation justify reducing his sentence.  But that argument flounder as well.  It is firmly established that rehabilitation, on its own, cannot constitute an extraordinary and compelling reason for a sentence reduction. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citing 28 U.S.C. § 994(t)).  And the Sixth Circuit clarified in *McCall* that rehabilitation, considered in conjunction with a nonretroactive change in the law, also cannot amount to an extraordinary and compelling reason to reduce a defendant's sentence.  56 F.4th at 1065-66.

In summary, the factors under 18 U.S.C. § 3553(a) also do not warrant a sentence reduction.  Cunningham participated in an elaborate scheme to defraud hundreds of vulnerable victims of their settlement proceeds.  As their attorney, he abused a position of trust and worked with his colleagues with an intent to deprive the victims of more than $65 million.  The sentence imposed remains minimally sufficient to reflect the seriousness of the crime, promote respect for the law, provide a just punishment, and promote general deterrence to those who might be inclined to commit similar crimes.

Based on the foregoing, it is hereby

- 4 -

- 5 -

**ORDERED** that Defendant Cunningham's motion [Record No. 1473] is **DENIED**.

Dated: July 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky