UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff,                 )          Criminal Action No. 2: 07-039-DCR
                                   )
V.                                 )
                                   )
SHIRLEY A. CUNNINGHAM,             )          **MEMORANDUM ORDER**
                                   )
        Defendant.                 )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Shirley Cunningham was convicted by a jury of conspiring to commit and aiding and abetting wire fraud.  [Record No. 821] He was sentenced to 240 months of imprisonment to be followed by three years of supervised release.  [Record No. 956] Cunningham "was ordered to pay $127,678,834.05 in restitution to 421 victims, approximately $114,000,000 of which is still owed."  [Record No. 1512] After completing roughly two years of supervision, he now seeks an early end to his term. [Record No. 1510]

Cunningham contends that early termination is warranted because "he has made consistent timely restitution payment since 2020 and is subject to mandatory collection of 15% of his Social Security benefits."  [Record No. 1510] He further claims that his present law-abiding lifestyle, advanced age, educational background, and "pristine disciplinary record" both while in custody and on supervised release reduce his risk of recidivating.  *Id.*

The United States opposes Cunningham's motion.  [Record No. 1512] It insists that an early release would undermine the seriousness of his offenses.  *Id.*  While the government commends Cunningham's rehabilitative efforts, it cautions that the "fraud perpetrated by the Defendant (and his co-defendant) was breathtaking – in amount, scope, and impact (on the victims)."  *Id.*  And, quite frankly, that assertion is an understatement.

A district court may grant early termination of the remaining term of supervised release after one year of supervision has elapsed after considering certain factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e)(1).  However, a showing of exceptional conduct or a change in circumstances is generally required before early termination is justified.  *See United States v. Butler*, No. 22-5877, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023).  To be sure, merely complying with the expectations of supervised release is not "exceptional."  *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002).  Likewise, "productive employment, while laudable, does not justify the termination of supervision."  *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014).  In other words, "early termination is not warranted as a matter of course."  *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

After considering the applicable factors outlined in § 3553(a), the Court concludes that Cunningham's circumstances do not justify early termination of supervised release. Much like the government, the undersigned commends his compliance with rules while in custody and under supervision.  But those efforts fall short of "exceptional" and fail to

amount to a sufficient change in circumstances such that an early termination of supervision would be appropriate. *Atkin*, 38 F. App'x at 198.

Further, Cunningham and his co-defendant's offenses were serious and far reaching in their damage to the community. The United States Court of Appeals for the Sixth Circuit summarized their crimes this way:

> Shirley Cunningham, Jr., and William Gallion were two of three Kentucky lawyers who represented several hundred Kentucky clients in a mass-tort action against the manufacturer of the defective drug "fen-phen." They settled the case for $200 million, which entitled them under their retainer agreements to approximately $22 million each in attorney fees. But rather than limit themselves to what they had contractually earned, Cunningham and Gallion concocted a fraudulent scheme to take from their clients almost twice that amount.

[Record No. 1329 at 2]

Cunningham used his position of power and trust as an attorney to defraud his clients. Further, he has only paid a small fraction of his restitution amount to those he defrauded. The Court remains convinced that requiring Cunningham to serve the remainder of his supervised release, as originally imposed, is necessary to reflect the seriousness of his offense of conviction. His term of supervised release remains sufficient, but not greater than necessary, to accomplish the purposes set forth in § 3553(a), and early termination would not be appropriate.

Accordingly, it is hereby **ORDERED** as follows:

1.      Defendant Shirley Cunningham's motion for an early termination of his supervised release [Record No. 1510] is **DENIED**.

2.      The Clerk of Court is directed to mail a copy of this order to Defendant Cunningham and forward a copy to the United States Probation Offices in Covington, Kentucky, and Jacksonville, Florida.

Dated:  May 18, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky